**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-14-0001138**
**29-JUN-2018**
**08:09 AM**

NO. CAAP-14-0001138 AND CAAP-16-0000034

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


TITLE GUARANTY ESCROW SERVICES, INC.,
a Hawaii corporation, Plaintiff-Appellee,
v.
WAILEA RESORT COMPANY, LTD., a Hawaii corporation,
Defendant/Cross-claim Defendant/Cross Claimant-Appellee
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE ENTITIES 1-50; DOE GOVERNMENTAL UNITS 1-50, Defendants
and
MICHAEL J. SZYMANSKI,
Defendant/Cross Claimant/Third-party Plaintiff/Cross-claim
Defendant/Third-party Counterclaim Defendant-Appellant
and
ADOA-SHINWA DEVELOPMENT CORPORATION, a Hawaiʻi corporation, and
SHINWA GOLF HAWAIʻI CO., LTD., a Hawaiʻi corporation,
Third-party Defendants/Cross-claim Defendants/
Third-party Counterclaimants-Appellees,
and
DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 11-20; DOE
UNINCORPORATED BUSINESS ENTITIES 21-30 and JOHN DOE
INDIVIDUALS 31-40, Third-party Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 02-1-0352(2))


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, and Leonard and Reifurth, JJ.)

This consolidated appeal[1] arises out of an

---

[1] In appeal No. CAAP-14-0001138, Szymanski appeals from (a) the August 27, 2014 Order Denying Defendant and Third Party Plaintiff Michael J. Szymanski's Motion to Vacate Judge Rhonda Loo's 2004 Rulings and All Subsequent Rulings Based Upon Them, Due to Her Failure To Recuse Herself, filed on June 30, 2014, and (b) the November 24, 2014 Final Judgment as to All Claims and Parties.

In appeal No. CAAP-16-0000034, Szymanski appeals from the Circuit Court's December 23, 2015 Order Granting Defendant Wailea Resort Company,
(continued...)

interpleader action in which Plaintiff-Appellee Title Guaranty Escrow Services, Inc., an escrow company, interpled Defendant/Cross Claimant/Cross Claim Defendant/Third-party Plaintiff/Third-party Counterclaim Defendant-Appellant Michael J. Szymanski and Defendant/Cross-claim Defendant/Cross Claimant-Appellee Wailea Resort Company, Ltd., a Hawai'i corporation, and Third-party Defendants/Cross-claim Defendants/Third-party Counterclaimants-Appellees ADOA-Shinwa Development Corporation, a Hawai'i corporation, Shinwa Golf Hawai'i Co., Ltd., a Hawai'i corporation, the parties to a land sale contract, after that contract had been breached. Wailea, the seller, and Szymanski, the buyer, each claimed that the other breached the contract.[2] The case was filed and litigated in the Circuit Court of the Second Circuit ("Circuit Court").[3] This consolidated appeal is the fourth in a series of appeals related to the underlying land sales contract filed by Syzmanski.

On March 20, 2003, the Circuit Court entered judgment, certified under Hawai'i Rules of Civil Procedure ("HRCP") Rule 54(b), in favor of Title Guaranty and against Szymanski and Wailea as to Title Guaranty's complaint for interpleader. No appeal was taken from the March 20, 2003 certified judgment.

Thereafter, the Circuit Court issued various orders, some while matters were on appeal to this court. Prior to these consolidated appeals, Syzmanski appealed on three occasions. *See Title Guar. Escrow Serv., Inc. v. Szymanski*, No. 27254, 2009 WL 1112604, *3 (Hawai'i App. April 27, 2009) (hereinafter, *"Appeal 1"*) (affirming the April 20, 2005 certified judgment concerning

---

[1] (...continued) Ltd's and Third-Party Defendants ADOA-Shinwa Development Corporation's and Shinwa Golf Hawaii Co., Ltd.'s Motion for Entry of Final Judgment After Dismissal of Appeal for Lack of Jurisdiction Filed on September 25, 2015 ("2015 Order Granting Final Judgment").

The cases were consolidated on appeal by an Order of Consolidation dated October 13, 2017.

[2]     In his third-party complaint, Szymanski named Shinwa Golf Hawai'i as the defendant, alleging that Shinwa tortiously interfered with his contract with Wailea, and his prospective business relationship with Wailea, thus causing Wailea to breach the contract.

[3]     At all times relevant to this appeal, though not at all times in the history of this case, the Honorable Peter T. Cahill presided.

Szymanski's claims against Wailea); *Title Guar. Escrow Serv., Inc. v. Szymanski,* No. 30697, 2013 WL 5761945, at *4 (Hawaiʻi App. Oct. 24, 2013) (hereinafter, "*Appeal 2*") (vacating and remanding the July 28, 2010 final judgment with respect to the dispersal of funds to Wailea); *Title Guar. Escrow Serv., Inc. v. Szymanski,* No. CAAP-12-0000711, 2016 WL 4555771, at *7 (Hawaiʻi App. Aug. 31, 2016), cert. denied, No. SCWC-12-0000711, 2017 WL 127710 (Jan. 12, 2017) [hereinafter, "*Appeal 3*"] (holding that Judge Rhonda Loo's recusal was not required and affirming the Circuit Court's orders denying Appellant's motions under HRCP Rule 60(b) and Rule 59(e)).

Szymanski raises four points of error in this consolidated appeal: (1) that Judge Loo should have recused herself from the case; (2) that the Circuit Court erred in granting final judgment in favor of Wailea; (3) that the Circuit Court erred in granting Wailea's motion to disburse funds to Wailea; and (4) that the Circuit Court erred in denying his motion for leave to take preservation depositions pending appeal ("Order Denying Motion for Depositions").

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve Szymanski's points of error as follows and affirm.

(1) In his first point of error, Szymanski argues that Judge Loo should have recused herself because she had a conflict of interest, specifically that she had an interest in the company that subsequently purchased the land at issue.

We have previously reviewed this issue in *Appeal 3*, where we concluded that "Judge Loo's ownership of stock in [Alexander & Baldwin] was *de minimis* in the context of this case because Judge Loo's stock ownership was too remote of a financial interest to require disqualification." *Appeal 3*, 2016 WL 4555771 at *6.[4] In arriving at that conclusion, we performed the two-part analysis for disqualification or recusal cases provided for

_____

[4]     Certiorari was denied in *Title Guarantee v. Wailea*, No. SCWC-12-0000711, 2017 WL 127710 (Jan. 12, 2017)

in *State v. Ross*, 89 Hawai'i 371, 377, 974 P.2d 11, 17 (1998) and concluded that Judge Loo's interest in a subsequent purchaser who was a non-party did not objectively give rise to the appearance of impropriety. *Appeal 3*, 2016 WL 4555771 at *6. Specifically, we rejected Szymanski's contention that *Liljeberg v. Health Servs . Acquisition Corp.*, 486 U.S. 847 (1988) required recusal because, we said, *Liljeberg* was factually distinguishable in that "there was a direct and documented benefit to the judge[.]" *Appeal 3*, 2016 WL 4555771 at *6.

> The doctrine of the law of the case states that a determination of a question of law made by an appellate court in the course of an action becomes the law of the case and may not be disputed by a reopening of the question at a later stage of the litigation. This doctrine applies to issues that have been decided either expressly or by necessary implication.

*Fought & Co. v. Steel Eng'g & Erection, Inc.*, 87 Haw. 37, 48-49, 951 P.2d 487, 498-99 (1998). Szymanski's argument in this case rests on the same ground that it did in *Appeal 3*. Accordingly, under the law of the case doctrine, we are barred from re-examining an identical claim in this appeal.

(2) Likewise, Szymanski argues in his second point of error that Judge Cahill erred in entering final judgment where the third-party complaint against Shinwa had not been resolved. However, Judge Shackley F. Raffetto entered his Final Judgment as to All Claims and All Parties on July 28, 2010, in which he dismissed with prejudice "all claims asserted by Defendant Michael Szymanski in his Third-Party Complaint against [Shinwa]." This order was the subject of *Appeal 2*, which affirmed the entirety of the order,[5] with the exception of vacating and remanding on the disbursement issue. *Appeal 2*, 2013 WL 5761945, at *4. Therefore, this court has already reviewed the dismissal of Szymanski's third-party complaint against Shinwa and affirmed it.

In this appeal, No. CAAP-16-0000034, Szymanski challenges a separate order, the 2015 Order Granting Final Judgment, but does so on the same allegation, that his third-party cross-claim remains active. On that basis, review of the

---

[5]   Szymanski did not seek certiorari from our decision in *Appeal 2*.

4

argument is likewise barred, for the reasons stated above.

(3) In his third point of error, Szymanski alleges that the Circuit Court erred when it granted Wailea's motion for the disbursal of funds. This court has already affirmed the orders that were the subject of *Appeal 1*, finding that Szymanski breached the contract. *Appeal 1*, 2009 WL 1112604 at *2-3. Szymanski argues that the funds were not a "down payment" and accordingly, they were not non-refundable even in the event of his breach. The record, however, does not support this argument.

The contract provides, in relevant part:

> Events of Default. The following shall constitute "Events of Default" under this Contract:
>
> (a) Buyer or any person or entity succeeding to Buyer's interest under or obligated to perform Buyer's obligations under this Contract, shall fail to observe or perform any term, provision or obligation to be observed or performed under this Contract[.]

The Seller's Remedies section indicates that

> [u]pon the occurrence of any Event of Default, Seller shall have the following rights and remedies:
>
> (a) If such Event of Default should occur prior to the date the Deed is filed in the Office of the Assistant Registrar, Seller's sole remedy shall be to cancel this Contract, whereupon all rights of Buyer and duties and obligations of Seller shall terminate, and *Seller shall be entitled to retain all of the Downpayments as Seller's sole and absolute property as compensation for Seller's costs in negotiating and preparing this Contract and for the damage caused by the default*, Buyer hereby agreeing that the Downpayments represent fair and reasonable compensation to Seller for the default[.]

The Initial Downpayment section of the contract indicates that "One hundred percent (100%) of the Initial Downpayment ([$40,000]) shall not be refundable . . . ."

The Fourth Amendment to Land Sales Contract (SF-S) document alters the Initial Downpayment section to make the entire downpayment refundable, if closing does not occur by June 30, 2000, and requires an additional downpayment of $40,000, also refundable if closing does not occur by April 28, 2000. The amendment ends by stating that "[a]ll other terms and provisions of the Contract shall remain in full force and effect and are unchanged by this Fourth Amendment."

While Szymanski correctly contends that the amendments to the contract make the downpayments refundable in the event the

5

transaction does not close, they expressly make the deposits non-refundable in an Event of Default. Giving the plain meaning to the terms of the contract, Szymanski could have been refunded his downpayments up to the point of default. However, this court has already affirmed a finding that Szymanski breached the contract. As a legal matter, an Event of Default has been established. Accordingly, Wailea was clearly entitled to retain the downpayments as compensation for costs and damages. Consequently, the Circuit Court did not err in granting Wailea's motion for disbursal of the funds.

(4) In his final point of error, Szymanski argues that the Circuit Court erred in its Order Denying Motion for Depositions. Syzmanski had sought permission under HRCP Rule 27 to take certain belated depositions, but the Circuit Court denied his request on the basis that he should have included those depositions earlier in his request for depositions under HRCP Rule 26. "[T]he extent to which discovery is permitted under Rule 26 is subject to *considerable latitude and the discretion of the trial court.*" *Hac v. Univ. of Hawai'i*, 102 Hawai'i 92, 100-01, 73 P.3d 46, 54-55 (2003) (emphasis added; original brackets and ellipsis omitted) (quoting *Wakabayashi v. Hertz Corp.*, 66 Haw. 265, 275, 660 P.2d 1309, 1315 (1983) (internal quotation marks omitted).

Given the dearth of caselaw regarding HRCP Rule 27 in Hawai'i, we look to the corresponding federal rule for guidance. "Rule 27 *is not a substitute for discovery*. It is available in special circumstances to preserve testimony which could otherwise be lost. In addition, the text of the Rule makes it clear that reversal is warranted only when the trial judge has committed an abuse of discretion." *Ash v. Cort*, 512 F.2d 909, 912 (3d Cir. 1975) (emphasis added).

In denying Szymanski's motion, the Circuit Court cited the age of the case and the ample opportunity that Szymanski had to perfect his discovery. Szymanski fails to provide sufficient argument to establish that these bases were erroneous or reflected an abuse of discretion, instead focusing his argument on the lack of prejudice to Wailea. Further, Szymanski concedes

6

in his briefs that the depositions are only relevant if Judge Loo's rulings are vacated, to prepare for the eventual retrial in that circumstance.[6/]  As the issue of Judge Loo's rulings has been addressed in previous appeals, and we decline to reexamine the issue in the instant appeals, even if the motion was erroneously denied, it was harmless.  *See Bank of Hawaii v. Shinn*, 120 Hawai'i 1, 9, 200 P.3d 370, 378 (2008) (finding error which did not affect the outcome of the case to be harmless); *see also Wakabayashi*, 66 Haw. at 272, 660 P.2d at 1314 (finding that excluding evidence which would not have changed the outcome was error, but that the error was harmless.)

For these reasons, the Circuit Court of the Second Circuit's August 27, 2014 Order Denying Defendant and Third Party Plaintiff Michael J. Szymanski's Motion to Vacate Judge Rhonda Loo's 2004 Rulings and All Subsequent Rulings Based Upon Them, Due to Her Failure To Recuse Herself, filed on June 30, 2014; the November 24, 2014 Final Judgment as to All Claims and Parties; and the December 23, 2015 Order Granting Defendant Wailea Resort Company, Ltd's and Third-Party Defendants ADOA-Shinwa Development Corporation's and Shinwa Golf Hawaii Co., Ltd.'s Motion for Entry of Final Judgment After Dismissal of Appeal for Lack of Jurisdiction Filed on September 25, 2015 are affirmed.

DATED:  Honolulu, Hawai'i, June 29, 2018.


On the briefs:

Keith M. Kiuchi
for Defendant/Cross
Claimant/Third-party
Plaintiff/Cross-claim
Defendant/Third-party
Counterclaim-Defendant-
Appellant Michael J. Szymanski.

Presiding Judge

Associate Judge

Associate Judge

---

[6/]    "Mr. Szymanski seeks these depositions now to obtain essential discovery which will likely be used before the circuit court . . .  with the crucial issue regarding Judge Loo [*sic*] failure to have recused herself in 2004 being raised, and [*sic*] this litigation may well continue well into the future . . . ."

Bruce H. Wakuzawa
(Law Office of Bruce H.
Wakuzawa, ALC)
for Defendant/Cross-claim
Defendant/Cross Claimant-
Appellee Wailea Resort Company,
Ltd., and Third-party
Defendants/Cross-claim
Defendants/ Third-party
Counterclaimants-Appellees
ADOA-Shinwa Development
Corporation and Shinwa Golf
Hawai'i Co., Ltd.

NO. CAAP-14-0001138 AND CAAP-16-0000034, IN THE INTERMEDIATE COURT OF APPEALS, OF THE STATE OF HAWAI'I, TITLE GUARANTY ESCROW SERVICES, INC., a Hawaii corporation, Plaintiff-Appellee, v. WAILEA RESORT COMPANY, LTD., a Hawaii corporation, Defendant/ Cross-claim Defendant/Cross Claimant-Appellee, et al., APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT, CIVIL NO. 02-1-0352(2), SUMMARY DISPOSITION ORDER